## E. I. DUPONT DE NEMOURS POWDER COMPANY, PROSECUTOR, v. JAMES SPOCIDIO, RESPONDENT.

Submitted December 7, 1916—Decided June 28, 1917.

1. Whether, in a proceeding under the Workmen's Compensation act there was a prior agreement between the parties to make compensation, under the statute, without resorting to the Court of Common Pleas by petition, is a mixed question of law and fact; and where there was testimony to the effect that the employer agreed to and did pay the petitioner periodically one-half of his weekly wages for some time after the accident, and also medical expenses incurred as a result of the petitioner's injuries, the trial judge was justified in finding that there was such an agreement.

2. An agreement, made within a year after an accident, between any employer and employe, for compensation due under the Workmen's Compensation act, for a less sum than that which may be determined by the judge of the Court of Common Pleas to be due, is a sufficient agreement under the act to relieve the petitioner of the duty of bringing his action within one year or otherwise be barred of his action.

On *certiorari.*

Before Justices SWAYZE, MINTURN and KALISCH.

For the prosecutor, *J. Forman Sinnickson.*

For the respondent, *Bergen & Richman.*

The opinion of the court was delivered by

KALISCH, J.   The question to be determined upon this review is whether the respondent, the petitioner in the court below, filed his petition for compensation under the Workmen's Compensation act within the time required by law.

The petitioner was in the employ of the prosecutor. On the 25th day of January, 1915, the petitioner, while engaged in transporting cans of cotton from one part of the respondent's plant to another, fell and broke his left arm in three places and suffered a permanent injury.

On the 3d of March, 1916, the petitioner filed his petition for compensation. On the 24th of March, 1916, the petitioner by leave of the court filed an amended petition. In this latter petition he sets forth that after the accident mentioned, he and the prosecutor agreed upon the amount of compensation due to the petitioner for his injuries; that petitioner was informed that he would receive one-half of his wages until he was able to return to work, and after the expiration of fifteen days from the date of the accident, the prosecutor paid the petitioner $5.28 per week, being fifty per cent. of his weekly wages, and which sum it paid him weekly until the 5th day of April, 1915, when he was told by the prosecutor's physician to return to work, but that the petitioner was not physically able to return to work at the time, not being entirely cured of his injuries and suffering from a permanent disability as a result of his injuries.

The petition further sets forth that the prosecutor paid petitioner's medical expenses, including an operation performed on petitioner's arm; that the petitioner is not entirely cured of his injuries and is suffering from a permanent dis-

ability of his left arm; that he has not been fully compensated under the statute for his injuries received from the accident, and that the agreement as to the compensation made between him and the prosecutor had not been approved of by the judge of the court in which the petition is filed, or a judge of any other Court of Common Pleas in any county of this state; and that a dispute has arisen between the prosecutor and petitioner as to the compensation due the latter.

The fact that the petitioner's injuries were due to an accident arising out of and in the course of his employment is not disputed by the prosecutor.

The trial judge found that as a result of the accident the petitioner broke his left arm in three places, and that as a result thereof the petitioner suffered a temporary injury to his arm extending from the time he was injured (January 25th, 1915) until the 5th day of July, 1915, and that there is a permanent injury to the whole arm of ten per cent.; that after the petitioner was injured he was first taken to the office of Dr. Lummis, and was there treated, and subsequently to the Cooper hospital in Camden; that the petitioner was told to go to the plant of the prosecutor and he would be paid one-half of his wages; that petitioner went to the prosecutor's plant and received the sum of $5.28 per week from the prosecutor until the 7th day of April, 1915, a total of $42.24; that the petitioner was then given a note by Dr. Lummis advising him to go to the plant for work, the doctor stating that he would be able to do light but not heavy work; that the petitioner returned to the plant and did work from the 13th day of April, 1915, until the 13th day of May, 1915, when he was discharged from the plant and has not been at work there since.

From these facts the trial judge further finds that there was an agreement and money actually paid to the petitioner under the agreement to the amount as above stated from the time of the petitioner's injury. The trial judge further made the following findings:

"That the prosecutor is entitled to a credit on the amount awarded of $5.28 a week for a period of eight weeks, or a

total credit of $42.24; that the prosecutor is not entitled to a credit of $43.25 paid for medical expenses after the first two weeks, nor what was paid to the petitioner for the time he worked from April 16th, 1915, to May 13th, 1915, since there was no proof of any agreement that it should be payment under the act; that the petitioner is entitled to compensation at the rate of $6.12 per week for twenty-one weeks from the 8th day of February, 1915 (being two weeks after the accident happened), for the temporary injury to his arm, and that subsequent thereto the petitioner is entitled to the sum of $6.12 per week for a period of twenty weeks for the permanent injury to his arm."

The prosecutor seeks a reversal of the judgment on two grounds:

1. That the proceeding is barred by the statute of limitations.

2. That "the Court of Common Pleas did not find and determine the facts from which the legality of the award by said court can be determined."

Taking up for consideration the second point made by the prosecutor first, we think that by the facts above set forth, it sufficiently appears what the injuries to the petitioner were— their nature and extent.

As to the position taken by the prosecutor that the proceeding of the petitioner is barred by the statute, which provides that in case of personal injuries or death all claims for compensation on account thereof shall be forever barred unless within one year after the accident the parties shall have agreed upon the compensation payable under the act, or unless within one year after the accident one of the parties shall have filed a petition for adjudication of compensation as provided by the act (*Pamph. L.* 1913, *p.* 302), because the petition in the present case was filed after a year had elapsed from the time of the accident, we find to be untenable.

It is plain that the statute provides three methods which may be pursued within the year, for the purpose of fixing compensation to be paid to an injured employe—(1) by a petition filed by the injured workman, (2) by a petition filed

by the employer of the injured workman, and (3) by an agreement between employer and employe.

In the present case there was testimony which afforded a reasonable basis for the finding of the trial judge that there was an agreement for compensation to be paid petitioner between the prosecutor and petitioner, under the statute. For there was testimony to the effect that the prosecutor, after the lapse of two weeks from the time of the accident, agreed to and did pay to the petitioner periodically one-half of the petitioner's weekly wages for some time, until the prosecutor requested the petitioner to go to work, which the petitioner did, but was soon afterward discharged. It also appears that the prosecutor paid the medical expenses, amounting to $43, incurred as a result of the petitioner's injuries.

Whether there was an agreement between the parties to make compensation, under the statute, without resorting to the Court of Common Pleas by petition, was a mixed question of law and fact, and we think there was evidence justifying the finding of the trial judge that there was such an agreement.

It is clear from the plain reading of the statute that where the parties agree as to the compensation to be made, the legislature contemplated that such agreement should be wholly regulated and controlled by the provisions of the statute, both as to the duration of time and the amount of compensation to be periodically paid.

Paragraph 20 of the Workmen's Compensation act (*Pamph. L.* 1913, *p.* 309) expressly provides, *inter alia,* that no agreement between the parties for a lesser sum than that which may be determined by the judge of the Court of Common Pleas to be due, shall operate as a bar to the determination of a controversy upon its merits, or to the award of a larger sum, where it shall be determined by the judge that the amount agreed upon is less than the injured employe or his dependents are properly entitled to receive.

In the present case it appears that the petitioner was earning $12.24 per week at the time of the accident, and, therefore, the petitioner was entitled to receive $6.12 per week

instead of the periodic weekly payment of $5.28, as agreed upon between the parties. It further appears that under the statute the petitioner was entitled to compensation for temporary injuries for the period of twenty-one weeks and for permanent injuries for twenty weeks, and that all the prosecutor paid to the petitioner under the agreement were periodical payments of $5.28 for eight weeks. Thus it becomes manifest, in view of the excerpt from paragraph 20, above quoted, that the petitioner was not barred from filing a petition in order to have the agreement made between the parties reviewed by the court upon its merits at any time.

As it appears in the present case that there was an agreement made between the prosecutor and the petitioner as to the compensation to be paid by the former to the latter, the one-year limitation clause in which a petition must be filed or an agreement made for compensation is obviously not applicable to the situation presented here. And this is also equally true as to the non-applicability of the clause of paragraph 21 of the act of 1913, which provides that an agreement or award of compensation may be modified at any time by a subsequent agreement, or at any time after one year from the time when the same became operative, on the ground that the incapacity of the injured has subsequently increased or diminished, because the petition under consideration is not filed on either ground. But if we turn to paragraph 18 of the act, we find that provision is made by it for filing a petition in case of a dispute or failure to agree upon a claim for compensation between employer and employe, &c., and that either party may submit the claim, both as to questions of fact, &c. Paragraph 20 points out in general terms what the petition shall set forth in case of a dispute.

We cannot be led to believe that it was the purpose of the legislature to put agreements entered into within the year between employer and employe, as to the compensation to be paid, upon a less secure footing than an award made upon a petition filed within the year. One of the objects of the act is to secure to the parties an inexpensive method of procedure. Of course, an agreement between employer and em-

ploye involves no expense whatever and saves to the employer the expense of a hearing, &c. If in the present case either party had filed a petition within the year, and the court had made an award of compensation, there could not be the slightest doubt under the express language. of the statute, that either party would have the right in case a dispute arose regarding the compensation, &c., to file a petition after the expiration of the year. The statute has put the agreement between employer and employe on the same plane as an award made by the court upon petition, after a hearing, &c. And this course was manifestly necessary, in order to prevent one of the prime objects of the act from being frustrated.

For it is obvious that if the argument made by counsel for the prosecutor should prevail, then in a case where an employe is entitled to compensation for a period extending beyond fifty-two weeks, and enters into an agreement with his employer, as he may under the statute, then if at the end of the year, after the last payment due for the year has been paid, the employer should choose to discontinue any further payments, the employe would be remediless under the statute. We cannot give our sanction to such a construction without violating the plain language and spirit of the act and extinguishing one of its vital features.

The judgment will be affirmed, with costs.